# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:14-cr-00256-LJO-SKO |
| **Plaintiff-Respondent,** | |
| v. | **ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL; SETTING BRIEFING SCHEDULE FOR THE FILING OF ANY OPPOSITION AND REPLY** |
| **RICHARD UPSHAW,** | |
| **Defendant-Petitioner.** | **(ECF No. 102)** |

On December 4, 2014, Petitioner was indicted on five counts for violation of: (1) 18 U.S.C § 472 (two counts), (2) 18 U.S.C § 471, (3) 18 U.S.C. § 474, and (4) 18 U.S.C. § 1029(a)(3). At arraignment on December 19, 2014, Petitioner entered a not guilty plea. (ECF No. 7). Subsequent to a plea agreement with the government (ECF No. 71), the Court held a change of plea hearing on January 19, 2016, at which Petitioner pleaded guilty to counts four and five of the Indictment. (ECF No. 72). On October 3, 2016, Defendant Richard Upshaw was sentenced to a 120 month term of imprisonment based upon his guilty plea to two counts of his indictment for possession of images for counterfeiting U.S. obligations in violation of 18 U.S.C. § 474 and

1

possession of 15 or more unauthorized and counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3). (ECF Nos. 94-95).

Petitioner Richard Upshaw filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion," ECF No. 103). He separately made a motion for appointment of counsel and generally asserts he is indigent, not trained in the field of law, the issues raised by his Section 2255 Motion are complex, and he lacks access to documents and evidence to support and develop his claims. (ECF No. 102). Petitioner also requests an evidentiary hearing in his Section 2255 Motion to resolve the issues surrounding his ineffective assistance of counsel claims. (ECF No. 103). The Court here addresses Petitioner's request for appointment of counsel.

First, there is no constitutional right to habeas counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, it is within a court's discretion to appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255; *see also United States v. Harrington*, 410 F.3d 598, 599-600 (9th Cir. 2005). Further, "[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Counsel must be appointed to represent indigent defendants in §2255 proceedings when the complexities of the case are such that denial of counsel would amount to a denial of due process. *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962). "In the absence of such circumstances, a request for counsel in proceedings under Section 2255 is addressed to the sound discretion of the court." *Id.* at 447.

Here, Petitioner does not differentiate his request for habeas relief from that of any other petitioner and fails to show how the interests of justice would be served by appointing counsel at this stage. The fact that he is indigent, lacks knowledge of the law, and lacks access to documents and evidence, is not sufficient to require that the Court appoint him counsel in the interests of justice. *See United States v. Lobo*, No. 08CR4127WQH, 2012 WL 699469, at *1, *5

(S.D. Cal. Feb. 29, 2012) (declining to appoint counsel for Section 2255 motion even where Defendant contended he was indigent, unlearned in U.S. justice system, and understood very little English). Petitioner articulates the grounds for his ineffective assistance of counsel claim in his Section 2255 Motion and the complexities of the case do not require the appointment of counsel at this juncture. *See United States v. Ochoa*, No. CV 09-05485 DDP, 2009 WL 2912479, at *1 (C.D. Cal. Sept. 9, 2009).

If an evidentiary hearing is warranted, Petitioner will be appointed counsel at the appropriate time. *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, the Court has not yet made a determination concerning the necessity for a hearing.[1] While an evidentiary hearing is sometimes necessary to determine whether assistance of counsel was effective, that is not always the case; in some instances the record is sufficient to make such a determination. *Shah v. United States*, 878 F.2d 1156, 1158–59 (9th Cir. 1989) (where conversations with defense counsel contradict Defendant's previous statements in court, no evidentiary hearing is required "where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record") (internal citation and quotation omitted); *see Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). "[N]o hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal…[R]ather than conduct a hearing, courts may use discovery or documentary evidence to expand the record." *Shah*, 878 F.2d at 1158-59 (noting that Section 2255 Rules 6-7, as well as case law, make the availability of this option clear) (internal quotations marks and citations omitted).

The court will first determine whether Petitioner's Section 2255 Motion can be resolved by the record in the case. If an evidentiary hearing is deemed necessary, the Court will address Petitioner's request for appointment of counsel at the appropriate time.

---

[1] If it plainly appears that the moving party is not entitled to relief, the judge must dismiss the Section 2255 motion, otherwise the judge must order the United States attorney to file an answer. *See* Rule 4(b) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255. Then the judge must review the answer and the records of the prior proceeding as well as any additional material submitted to determine whether an evidentiary hearing is warranted. *See* Rule 8(a) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for the appointment of counsel is DENIED WITHOUT PREJUDICE.

Furthermore, upon preliminary review of the record, the Court believes its decision-making would be aided by the filing of an opposition by the United States. Any such opposition shall be filed on or before December 18, 2017. Upon the filing of any opposition, Petitioner may have 30 days to file a reply.

IT IS SO ORDERED.

Dated: **October 17, 2017**       **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE