**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:14-CR-00256-LJO-SKO |
| **Plaintiff,** | |
| v. | |
| **RICHARD UPSHAW,** | **ORDER RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND EXTENSION OF TIME** |
| **Defendant.** | |

Good cause appearing, IN THE ALTERNATIVE, the United States' motion for partial waiver of petitioner Richard Upshaw's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product is GRANTED as follows:

(1) The attorney-client privilege of defendant Richard Upshaw is waived with respect to all communications between defendant Richard Upshaw and his former attorney, Marc J. Days, concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion in <u>United States v. Richard Upshaw</u>, No. 1:14-cr-0256 LJO (E.D. Cal.).

(2) The work product privilege is waived with respect to the work product of attorney Marc J. Days, concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney Marc J. Days shall disclose to the government all communications between he and defendant Richard Upshaw, concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(4) Attorney Marc J. Days shall provide the government with a declaration addressing the communications with defendant and work product concerning events and facts related to the ineffective assistance of counsel claims presented in defendant's § 2255 motion, and shall communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(5) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether or not to proceed with his § 2255 motion, he must notify this Court within ten (10) court days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

The government's motion for an extension of time, to March 2, 2018, to file its response to defendant Upshaw's § 2255 motion is GRANTED.

IT IS SO ORDERED.

Dated: **December 12, 2017**            **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE