UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD UPSHAW,<br><br>Defendant. | No. 1:14-cr-00256-NONE<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR RECONSIDERATION OF COMPASSIONATE RELEASE DENIAL<br><br>(Doc. No. 143) |

On June 10, 2020, defendant Richard Upshaw filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his medical conditions and the risks allegedly posed to him by the ongoing coronavirus ("COVID-19") pandemic. (Doc. No. 131.) The court denied defendant's compassionate release on October 6, 2020. (Doc. No. 141.) On May 6, 2021, defendant filed what the court construes as a request for reconsideration of that denial. (Doc. No. 143.)[1] The government filed its opposition to the request for reconsideration on May 27, 2021, and defendant filed his reply on June 8, 2021. (Doc. Nos. 149, 153.) For the reasons discussed below, the request for reconsideration will be denied.

---

[1] In his May 6, 2021 motion, defendant argues that he has exhausted his administrative remedies by citing to his administrative requests submitted in support of his original motion for compassionate release. (Doc. No. 143 at 7.)

1

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases." *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013). The Local Rules provide that motions for reconsideration in criminal cases must demonstrate "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1(i). Here, two circumstances have changed since the court denied defendant's motion for compassionate release. First, on November 25, 2020, defendant was officially diagnosed with essential (primary) hypertension by the Bureau of Prisons ("BOP") and was prescribed a low dosage of Lisinopril. (Doc. No. 155-1 at 3, 12, 16 (sealed).) Second, defendant is now fully vaccinated against the COVID-19 virus. (Doc. No. 156 at 60 (sealed).)[2]

Neither of these circumstances warrant reconsideration of the court's October 6, 2020 order denying compassionate release. As noted in its previous order, the court found that defendant might indeed suffer from hypertension even though he was not officially diagnosed by BOP and that condition was not cited in his briefing. (Doc. No. 141 at 8 ("[Although not discussed in his motion . . . defendant's BOP medical records indicate that he may suffer from hypertension.").) Assuming that defendant suffered from hypertension at that time, the court nonetheless concluded that his hypertension was an insufficient basis upon which to grant the motion for compassionate release. (*See id.* at 8–9.) Moreover, defendant suffers from no other conditions that might put him at greater risk of contracting a severe illness from COVID-19. (*Id.* at 8.) The fact that defendant has now officially been diagnosed with essential (primary) hypertension does not change the court's conclusion in this regard whatsoever. Defendant still has not and cannot show that he is suffering from a "serious" medical condition "that substantially diminishes [his]ability . . . to provide self-care" while in prison. *See* U.S.S.G. § 1B1.13, cmt. n.1 (A)(ii). That is even more true now, given that defendant received the first and

---

[2] Defendant argues that he has "not been" diagnosed with idiopathic pulmonary fibrosis but is awaiting a medical exam. (Doc. No. 143 at 9.) The court rejected a similar argument in its previous order denying compassionate release. (*See* Doc. No. 141 at 7.) The court rejects this argument again because there is no medical evidence before the court indicating that defendant suffers from the condition.

second doses of the Moderna vaccine by March 2021 and he is now fully vaccinated against the COVID-19 virus. (*See* Gov't Ex. 2 at 60 (sealed).) According to the U.S. Centers for Disease Control and Prevention, authorized vaccines in the U.S., including the Moderna vaccine, "are highly effective at protecting vaccinated people against symptomatic and severeCOVID-19." *See COVID-19: Interim Public Health Recommendations for Fully Vaccinated People*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited June 10, 2021). At this point, the medical evidence strongly suggests that fully vaccinated individuals, like defendant Upshaw, are protected against becoming severely ill or dying from COVID-19. Defendant claims that he is at risk of "severe" illness from COVID-19 because of his hypertension. (*See* Doc. No. 143 at 9.) However, he cannot satisfy his burden in demonstrating that COVID-19 still poses a *severe* risk to him now that he is fully vaccinated.

As the undersigned has recently acknowledged:

> According to the Centers for Disease Control and Prevention ("CDC"), authorized vaccines in the U.S., including the Pfizer-BioNTech vaccine, "are highly effective at protecting vaccinated people against symptomatic and severe COVID-19." *See* COVID-19: Interim Public Health Recommendations for Fully Vaccinated People, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited May 7, 2021) (emphasis added). At this point, medical evidence strongly suggests that fully vaccinated individuals, . . . are protected against becoming severely ill or dying from COVID-19. Defendant's claim that he may contract the virus, without regard to the severity of any illness, is not a sufficient basis upon which to conclude that he suffers from a "serious" medical condition "that substantially diminishes [his] ability...to provide self-care" in FCI Lompoc. See U.S.S.G. § 1B1.13, cmt. n.1 (A)(ii).

*United States v. Barajas-Guerrero*, No. 1:17-cr-00148-NONE, 2021 WL 1839728, at *6 (E.D. Cal. May 7, 2021). In this regard, courts in this circuit and others have recognized that the widespread availability of COVID-19 vaccines within BOP facilities has significantly diminished the risk posed to federal prisoners by the virus and in turn lessened the degree to which the risks posed by COVID-19 may tip the scale in favor of compassionate release in cases where prisoners suffer from chronic medical conditions. *See United States v. Ochoa-Alapisco,* No. 14-378(2)

ADM/LIB, 2021 WL 2322680, at *3 (D. Minn. June 7, 2021) (denying compassionate release because "any risk . . . has been substantially reduced because [defendant] is likely now fully vaccinated" which "provides him with significant protection against severe illness or death from COVID-19 should he become reinfected."); *United States v. Willis*, 3:15-cr-00465-BR, 2021 WL 2179256, *3-4 (D. Ore. May 27, 2021) (concluding that federal prisoners who have been fully vaccinated but suffer from chronic medical conditions that would put them at serious risk of severe illness from COVID-19 do not satisfy the extraordinary and compelling standard for compassionate release) (citing cases); *United States v. Smith*, No. 2:98-cr-00009-KJM-CKD, 2021 WL 1890770, at *3 (E.D. Cal. May 11, 2021) ("Although no federal court of appeal appears to have considered the question, district courts across the country, including within this Circuit, have held almost uniformly that a defendant's vaccination undercuts any claims of 'extraordinary and compelling reasons' based on a high risk of infection."); *United States v. Kariblghossian*, No. 2:13-cr-00318-CAS-1, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021) (finding no extraordinary and compelling reasons for compassionate release where a defendant has been fully vaccinated); *United States v. Grummer*, ___F.Supp.3d___, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19.  Other courts to address the issue have reached similar conclusions."); *United States v. Ballenger*, No. CR 16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.").[3]

/////

/////

---

[3] Defendant is currently incarcerated at the BOP's Sheridan Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). (Doc. No. 143 at 3.) FCI Sheridan is currently reporting that 32 inmates and five staff members have tested positive for COVID-19. *See COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited June 10, 2021). However, this does not change the court's analysis.  Defendant's medical condition, the presence of COVID-19 at FCI Sheridan do not constitute extraordinary and compelling reasons justifying compassionate release in light of the fact that defendant is now fully vaccinated.

4

For these reasons, defendant Upshaw's request for reconsideration (Doc. No. 143) of the court's prior order denying his motion for compassionate release is denied.

IT IS SO ORDERED.

Dated:  **June 11, 2021**                             /s/ Dale A. Drozd
                                                                        UNITED STATES DISTRICT JUDGE