UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD UPSHAW,<br><br>　　　　　　Defendants. | No.  1:14-cr-000256-JLT-SKO<br><br><u>ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE AND APPOINTMENT OF COUNSEL</u><br><br>(Docs.  158, 168, 170) |

**INTRODUCTION**

Pending before the Court is Defendant Richard Upshaw's third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed September 24, 2021.  (Doc. 158.)  Defendant argues that his medical conditions put him at risk of complications if he were to contract the COVID-19 virus, and that the vaccine does not offer adequate protection.  The government opposes the motion.  (Doc. 162.)  Defendant has filed a reply, (Doc. 166), a motion to appoint counsel, (Doc. 168), and two additional declarations to supplement his motion.  (Docs. 169, 170.)  For the reasons below, Defendant's motions will be denied.

**BACKGROUND**

On January 19, 2016, Defendant Upshaw pleaded guilty to possession of images for counterfeiting U.S. Obligations in violation of 18 U.S.C. § 474, as charged in Count Four of the

Indictment, and possession of fifteen or more unauthorized and counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3), as charged in Count Five. (Docs. 71 at 3–4; 74.) According to the Presentence Report prepared in Upshaw's case, he created and used counterfeit $100 bills at businesses in and around Fresno, California, which led to a criminal investigation and his ultimate arrest. (Doc. 76, Presentence Report, at 5–7.) Under the U.S. Sentencing Guidelines, Upshaw's adjusted offense level was calculated as 19, and his criminal history category was VI, resulting in an advisory guideline range calling for a sentence between 63 and 78 months imprisonment on each of the two counts to which he had pled guilty. (*Id.* at 27.)

The U.S. Probation Office recommended a sentence of 78 months imprisonment on each of the two counts, to run concurrently. (*Id.*) Sentencing was scheduled for May 2016, but it was delayed to allow Upshaw to participate in the Delancey Street Program, a rigorous rehabilitative program. (Docs. 81, 83, 85, 86.) In October 2016, Upshaw admitted to violating the conditions of his pretrial release by leaving the Program without permission to do so. (Docs. 89, 93.) Upshaw was then sentenced to a term of imprisonment of 120 months with a 36-month term of supervised release to follow. (Docs. 94; 95 at 2–3.)

Upshaw is currently serving his sentence at the U.S. Bureau of Prisons' ("BOP") Sheridan Federal Correctional Institute in Sheridan, Oregon ("FCI Sheridan"). *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited March 31, 2022.) Upshaw filed his first motion for compassionate release on June 26, 2020. Then, he argued that he should be released from custody because his medical conditions made him particularly at risk for complications if he were to contract COVID-19. (Doc. 134.) District Judge Dale A. Drozd denied that motion on October 6, 2020, finding that Upshaw had failed to demonstrate that his medical conditions warranted release. (Doc. 141.) Upshaw requested reconsideration of that order on May 7, 2021, citing the same medical concerns. (Doc. 143.) Judge Drozd again denied relief. (Doc. 157.)

On September 24, 2021, merely three months after the denial of his second compassionate release motion, Upshaw filed for § 3582(c) relief yet again on the same grounds. (Doc. 158.) The government opposes the motion on the grounds that Upshaw, as before, has failed to show

the existence of "extraordinary and compelling" circumstances.  (Doc. 162).  The government further argues that Upshaw has failed to exhaust his administrative remedies.  *Id*.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.").  Those limited circumstances include compassionate release in extraordinary cases.  *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020).  Under the First Step Act of 2018 ("the FSA") imprisoned defendants may bring their own motions for compassionate release in the district court.  18 U.S.C. § 3582(c)(1)(A) (2018).  In this regard, the FSA specifically provides that a court may

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[1] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).  If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

1    18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

2    The policy statement with respect to compassionate release in the U.S. Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13;[2] *see also United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (noting that courts "universally" rely on U.S.S.G. § 1B1.13 to define "extraordinary and compelling reasons," even though that policy statement was issued before Congress passed the FSA and authorized defendants to file compassionate release motions). However, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). "In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* The Ninth Circuit clarified that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Although the Ninth Circuit has not specifically addressed the question of which party bears the burden in the context of a motion for compassionate brought pursuant to § 3582(c) as amended by the FSA, district courts have agreed that the burden remains with the defendant. *See, e.g.*, *United States v. Mathews*, No. 2:15-CR-00118-KJM, 2021 WL 3883735, at *3 (E.D. Cal. Aug. 31, 2021); *United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-0250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

/////

/////

---

[2] The Sentencing Guidelines also require that to be granted a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), the defendant must not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

4

# ANALYSIS

## A.     Motion to Appoint Counsel

For both of Upshaw's previous compassionate release motions, he was represented by court-appointed counsel. In response to Upshaw filing the present motion, his *third* motion for compassionate release, Upshaw's counsel withdrew from his case. (Docs. 161, 165.) Upshaw has therefore requested that the Court appoint new counsel to assist with his compassionate release motion. (Doc. 168.)

There is no Sixth Amendment right to counsel with respect to a motion under 18 U.S.C. § 3582(c). *United States v. Townsend*, 98 F.3d 510, 512–513 (9th Cir. 1996). Nor is there any statutory right to counsel in connection with a motion brought under 18 U.S.C. § 3582(c). *Id.* (affirming district court's refusal to appoint counsel for a sentence reduction motion under § 3582(c)); *see also United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *U.S.A. v. Bond*, No. LA CR94-00563 JAK, 2020 WL 4340257, at *1 (C.D. Cal. Feb. 25, 2020). Because the underlying basis for Upshaw's compassionate release motion lacks merit, as discussed below, his request for appointment of counsel is DENIED.

## B.     Motion for Compassionate Release

To qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court must consider three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Third, the district court must also consider "the factors set forth in Section 3553(a) to the extent that they are applicable." *Id.*

*Rodriguez*, 424 F. Supp. 3d at 680; *see also United States v. Ramirez-Suarez*, 16-CR-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *Parker*, 461 F. Supp. 3d at 973–74; *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in §3553(a)).

1.  Administrative Exhaustion

Upshaw represents that he requested release from the Warden at least thirty days before filing the instant motion, on August 13, 2021, but that he did not receive a response. (Doc. 166 at 2–3.) The government counters that it has no record of this request and that Upshaw has therefore failed to exhaust his administrative remedies. (Doc. 162 at 6–7.) Because Upshaw's motion has no merit, the Court need not make a finding as to whether Upshaw exhausted his administrative remedies.

2.  Extraordinary and Compelling Reasons

"Extraordinary and compelling reasons" warranting compassionate release may include a defendant's medical conditions, age and other related factors, family circumstances, or "other reasons." U.S.S.G. § 1B1.13, cmt. n.1 (A)–(D).[3] As in his prior motions, Upshaw argues that extraordinary and compelling reasons warranting his compassionate release exist due to his medical conditions and COVID-19. Specifically, Upshaw highlights the rise of the delta and omicron variants of COVID-19 within FCI Sheridan. (Doc. 158.)

A defendant's medical condition may warrant compassionate release where he or she "is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," though "[a] specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required." U.S.S.G. § 1B1.13, cmt. n.1 (A)(i). Non-exhaustive examples of terminal illnesses that may warrant a compassionate release "include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* In addition to terminal illnesses, a defendant's debilitating physical or mental condition may warrant compassionate release, including when:

> The defendant is
>
> (I)  suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or

---

[3] Even though the catch-all of "other reasons" was included in the policy statement at a time when only BOP could bring a compassionate release motion, courts have agreed that it may be relied upon by defendants bringing their own motions under the FSA. *See, e.g.*, *United States v. Kesoyan*, No. 2:15-cr-236-JAM, 2020 WL 2039028, at *3–4 (E.D. Cal. Apr. 28, 2020) (collecting cases).

      (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* at cmt. n.1 (A)(ii).

Medical records indicate that Upshaw experiences some shortness of breath and suffers from hypertension. (Docs. 133-5 at 1–2; 155-1 at 3, 6, 12.)[4] According to the CDC, a defendant "might be at an increased risk for severe illness from COVID-19" due to hypertension. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 31, 2022) (stating those who suffer from pulmonary hypertension are in fact at risk, while those afflicted by hypertension generally "may" experience increased risk). But the Court has previously held that Upshaw's medical conditions are not severe enough to constitute "extraordinary and compelling" reasons for release, particularly because Upshaw is now fully vaccinated against COVID-19. (Docs. 158 at 2; 156 at 69.)

  Upshaw does not assert that his health has deteriorated meaningfully since the denial of his last compassionate release motion; instead, he argues that the vaccine offers insufficient protection from the delta and omicron variants of COVID-19. The Court concludes that these concerns do not constitute extraordinary and compelling circumstances warranting release. Though the COVID-19 vaccines may not provide absolute protection against all infections, the evidence so far shows that they do provide significant protection against severe illness and death resulting from the coronavirus. *See, e.g.*, *United States v. Meyers*, No. 12-CR-00248-PJH-3, 2022 WL 602518, at *3 (N.D. Cal. Mar. 1, 2022); *United States v. Meza-Orozco*, 2021 WL 3630519 (W.D. Wash. Aug. 17, 2021) ("The Court understands that the science is still evolving as to vaccine efficacy and the Delta variant, but it appears conclusively established that fully vaccinated individuals are reasonably protected from hospitalization and death."); *see also COVID-19: Interim Public Health*

---

[4] Though Upshaw has argued in previous filings that he additionally suffers from chronic bronchitis and is "predisposed" to pulmonary fibrosis, Upshaw has presented no evidence of these conditions.

*Recommendations for Fully Vaccinated People*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fullyvaccinated-guidance.html (last visited March 31, 2022).  Further, records demonstrate that Upshaw's hypertension is being properly managed, which lessens his risk of complications if he were to contract the virus.  (Doc. 162-2 (under seal).)

3.   Consistency with the § 3553(a) Factors

Because the pending motion fails to establish extraordinary and compelling reasons justifying compassionate release, the Court need not address whether any reduction in Defendant's sentence would be consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a).

## CONCLUSION

Accordingly,

1. Defendant Upshaw's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed September 24, 2021 (Doc. 158), is DENIED; and
2. Defendant Upshaw's motion requesting appointment of counsel, (Doc. 168) is DENIED.

IT IS SO ORDERED.

Dated:   **March 31, 2022**

UNITED STATES DISTRICT JUDGE